IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STEPHANIE BOWDEN

Plaintiff,

v.

CENTRAL GEORGIA CREMATORY, LLC,

and

ROBERT LEE DANIELS, JR.,

Defendants.

CIVIL ACTION

FILE NO: _____

## COMPLAINT

COMES NOW, Stephanie Bowden, plaintiff and respectfully shows the Court as follows:

1.

This is a case within the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332. The amount in controversy is more than $75,000 exclusive of interest and costs. Plaintiff is a resident of Florida and Defendants are residents of Georgia.

1

2.

Defendant Robert Daniels, Jr. [hereinafter, Daniels] is the registered agent for Defendant Central Georgia Crematory, LLC, and at all times was acting as an agent of Defendant Central Georgia Crematory, LLC in Macon.

3.

Plaintiff is the only child and sole surviving heir of her father, Bennie Stephen Bowden, who died on or about August 28, 2020.

4.

At the time of his death, the deceased was single and living in Georgia.

5.

After Bennie Stephen Bowden's death, on or about Aug. 29, 2020, his body was delivered by Defendant Daniels into the custody of Defendant Central Georgia Crematory, LLC, at its crematory in Macon, Georgia.

6.

On or about August 30, 2020, after learning of her father's death, plaintiff contacted Daniels and informed him that she was the only living heir of Bennie Stephen Bowden and that therefore she was the person entitled to make funeral arrangements for him.

7.

On August 31, 2020, plaintiff met with Daniels personally, at the crematory, viewed her father's remains and identified him. Daniels showed plaintiff cremation urns on display, but never gave her a price list for anything.

8.

Plaintiff told Daniels repeatedly when she met with him at the crematory not to take further action the following Monday regarding her father's body until she made some decisions. She did not want any action taken regarding her father's body until she spoke to her attorney because, after investigation, she believed that there were suspicious circumstances surrounding her father's death, and she was considering an autopsy.

9.

Plaintiff also told Defendant that she wanted to see the information on the death certificate before it was sent in to the state, so that she could verify that the information on it was correct.

10.

Late on Saturday afternoon, Sept. 5, 2020, plaintiff sent Defendant a number of text messages, one which said "go ahead and cremate him". Within

twenty minutes she changed her mind and sent him a text reversing her decision. A true and correct copy of the text is attached as Exhibit A1 and A2.

11.

On Sunday, Sept. 6, 2020, plaintiff sent a text message to defendant stating that she wanted her father's body transported the next day, Monday, Sept. 7, for an autopsy. Daniels responded by text, "Too late, I already done it after I got your text message." A true and correct copy of the text is attached as Exhibit B.

12.

Daniels has never shown plaintiff a properly filled-out death certificate with required signatures since he obtained custody of the body of Bennie Stephen Bowden. As of the date of filing of this complaint, Daniels has not filed for a death certificate with the proper county or state official. Therefore, Bennie Stephen Bowden's death has still not been recorded with the state.

13.

Without Defendant Central Georgia Crematory, LLC and Daniels filling out the required documentation, including a death certificate, plaintiff cannot transfer the remains of her father to a funeral home for a funeral service.

14.

Plaintiff is the only living heir of Bennie Stephen Bowden. Without a death certificate, she is unable to file a petition in probate court to become administrator of her father's estate. As a result, she cannot secure, inventory, and recover the assets of his estate. She cannot even secure his bank accounts.

15.

Plaintiff has been unable to retrieve her father's personal items from the house where he lived, or his vehicle, because Daniels will not reveal the address where Bennie Stephen Bowden lived.

16.

Bennie Stephen Bowden was a veteran. He is entitled be buried in a veteran's cemetery, to have a veteran's marker and entitled to payment of some costs toward his funeral. He cannot get any of those things until and unless his daughter has a valid death certificate, which she does not have because of Daniel's actions.

17.

Defendant has billed plaintiff for a cremation that she did not authorize and has refused to provide the cremated remains to her.

18.

Daniels never gave plaintiff any price list or told her what any costs would be. Daniels and defendant Central Georgia Crematory, LLC, then doubled the bill to plaintiff—a 100% increase-- after plaintiff did not pay in full within 30 days. Daniels and defendant Central Georgia Crematory, LLC, have informed plaintiff with their billing that the remains of Bennie Stephen Bowden will not be provided to her until she pays the doubled bill in full, plus additional charges.

19.

Pursuant to O.C.G.A. §43-18-5 (f):

> It shall be unlawful for any funeral establishment, funeral director, or
>
> embalmer to refuse to release a dead human body to a legally authorized person upon request of that person, but the release of such body shall not constitute a release of any indebtedness or other claim owed for any services performed on that body by the person or entity releasing that body.

FIRST CAUSE OF ACTION

20.

Paragraphs 1-19 are realleged as though fully set out.

21.

Defendants have unlawfully and intentionally interfered with plaintiff's exercise of the right to bury her father.

22.

As a proximate result of such actions, plaintiff has been damaged in the amount of $1,000,000, which includes special damages of $ 500.00. She has suffered loss of sleep, depression, loss of appetite, and has been unable to function in her day to day life.

23.

Because of the intentional torts committed by Defendants, plaintiff is entitled to reasonable attorney's fees.

SECOND CAUSE OF ACTION

24.

Paragraphs 1-19 are realleged as though fully set out.

25.

Defendants have willfully interfered with plaintiff's father's remains and/or intentionally mishandled his corpse.

26.

Paragraphs 22 and 23 are realleged as though fully set out.

THIRD CAUSE OF ACTION

27.

Paragraphs 1-19 are realleged as though fully set out.

28.

Defendants have negligently interfered with plaintiff's father's remains and/or negligently mishandled his corpse.

29.

Paragraph 22 is realleged as though fully set out.

WHEREFORE, plaintiff prays:

1. For damages as set out above:

2. For attorney fees;

3. For jury trial;

4. For such other and further relief as is just and proper.

Respectfully submitted,

/s/ Ralph Goldberg
Ralph Goldberg
Georgia Bar No. 299475
Attorney for Plaintiff
attorneygoldberg@hotmail.com

/s/ Laurene Cuvillier
Laurene Cuvillier
Georgia Bar No. 202922
Attorney for Plaintiff
cuvillier@bellsouth.net

Goldberg & Cuvillier, P.C.
3469 Lawrenceville Hwy., Suite 102
Tucker, Ga. 30084-6919
(770) 670-7343
(770) 670-7344 (FAX)

Sat, Sep 5, 4:48 PM

Go ahead and cremate my dad. How did she pay for it? Debt or cash or what?

4:48 PM

Cash, that urn u picked out I can't it because it has someone else's name engaged on it. I can order it tho.

4:51 PM

I'll be up there Monday. I'l come by and pay you for one. How many death certificate did she order?

5:04 PM

Remember u order 3,

5:11 PM

Ex. A1

name engaged on it. I can order it tho.

I'll be up there Monday. I come by and pay you for one. How many death certificate did she order?

5:04 PM

Remember u order 3, she ordered 4

5:11 PM

Let me contact my lawyer before anything happens. She was getting my dads hospital records and Tina is up to something. I don't trust her. I'll get back to you or my lawyer will by

5:19 PM

Ex. A 2

It's to late for that I done cremate him.

Well your gonna be in trouble I told you not to do anything til Monday

I don't recall u telling me to wait till Monday

I ask u to txt my other phone and not this one

I said don't do anything til you talk to me or my Attroney on Monday.

I cremated him the same day you texted and told me to go ahead and cremate him

From this point forward

Ex. 2